LEONARD LACROIX & others *vs.* ZONING BOARD OF
APPEALS OF METHUEN & another
(and a companion case[1]).

Essex.    March 8, May 11, 1962. — June 6, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Evidence,* Judicial discretion. *Practice, Civil,* Continuance, Entry of
judgment.

There was no error in a mandamus case in limiting questioning by counsel
in order to prevent repetitive and irrelevant examination; or in refusing
to continue the trial to allow counsel to obtain more witnesses and in
ruling that counsel's party had rested, where the judge found that
counsel was attempting to delay the trial; or in ordering immediate
entry of judgment under G. L. c. 231, § 116, notwithstanding pending
exceptions found to be intended for delay.

BILL IN EQUITY filed in the Superior Court on September
21, 1960.

PETITION for a writ of mandamus filed in the Superior
Court on May 16, 1961.

The suit in equity was heard on a plea by *Rose,* J.    The
mandamus case was heard by *Macaulay,* J.

*Thomas E. Watman* for the plaintiffs and petitioners.

*Lewis H. Weinstein (Fernand A. Bernardin, David E.
Grossman, Arnold H. Salisbury, & Paul J. Perocchi* with
him) for the defendants and respondents.

WHITTEMORE, J.    1.    Leonard LaCroix and other resi-
dents and taxpayers of Methuen brought a bill in equity to
review the decision of the board of appeals of September 1,
1960, granting a variance for a shopping center in a resi-
dence district.    On May 3, 1961, the defendants filed a plea
in bar setting up that a new zoning by-law had been enacted
under which the uses permitted by the variance are per-

[1] The companion case is John A. Perillo & others *vs.* Building Inspector of
Methuen & others.

mitted uses. The plea was sustained and the plaintiffs appealed.

There is nothing in the contention of the plaintiffs that the defendants are out of court because of inequitable conduct.

The only other point made in the plaintiffs' brief is the pendency of a petition for a writ of mandamus challenging the legality of the purported zoning revision. The hearing on the plea was concerned, inter alia, with the legality of the revision, but we need not decide the effect of the sustaining of the plea on that issue for the mandamus proceeding is now here.

2. John A. Perillo and other residents and taxpayers brought a petition for a writ of mandamus to have the revised zoning by-law, adopted March 15, 1961, declared invalid. The judge in the Superior Court in a comprehensive and well considered report of material facts, rulings of law and order for judgment, entered September 29, 1961, ordered judgment for the respondents and thereafter entered judgment. The order and judgment were right.

There was no illegality in any aspect of the adoption of the revised by-law. No new points of law are presented and we deem it unnecessary to state and answer the several contentions of the petitioners.

For the reasons fully and conclusively stated by the judge the revised by-law was not invalid by reason of any spot zoning.

There was no error in the rulings reasonably limiting counsel in respect of questions and the introduction of evidence. The court is not bound to allow repetitive and irrelevant examination. *Costello* v. *Conlon, post,* p. 754. It was not error to decline to continue the case to allow the petitioners' attorney to obtain more witnesses. The judge found that the attorney was deliberately delaying the trial. The ruling that the petitioners, having no more witnesses, had rested was right.

There was no error in denying the motion for a new trial or in ordering the immediate entry of judgment under G. L.

c. 231, § 116, notwithstanding pending exceptions, the judge having found that the exceptions were intended for delay.

We have considered all the contentions of the petitioners in brief and argument.

3. In the equity case the entry is to be decree affirmed. In the mandamus proceeding the entry is to be judgment affirmed.

*So ordered.*